UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joe Horsley,

    Plaintiff,

    v.                                 Case No. 1:11cv703

Commissioner of Social Security          Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's January 3, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 11.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 12.) The Commissioner filed a Response to the objections. (Doc. 13). Plaintiff then filed a Reply. (Doc. 14).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge found that the ALJ gave proper weight to his treating physician, Dr. Siegel; (2) the Magistrate Judge found that it was proper for the ALJ to not find any functional limitations caused by his arm, neck and hand limitations; (3) the Magistrate Judge found that the ALJ did not commit any vocational errors.

**I. ANALYSIS**

    **A. Treating physician**

Plaintiff argues that the ALJ gave Dr. Siegel's opinion little weight and failed to give "good reasons" for doing so. *See* 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). However, nowhere in the written opinion does the ALJ reject the opinion of Dr. Siegel. Instead, the ALJ explained that Dr. Siegel's "objective medical evidence and treatment regime do not show a degree of limitation [ ] such that the claimant could be considered disabled and unable to work." (Tr. 17). Where the ALJ "adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).

While Plaintiff may argue that Dr. Siegel made comments that Plaintiff is unable to work (Tr. 368, 552), "the ultimate determination of disability rests with the Secretary, not with the treating physician." *Duncan v. Sec'y of Health & Human Services*, 801 F.2d 847, 855 (6th Cir. 1986) (citing *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 367 (6th Cir. 1984)); *see also* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability."). Therefore, no "special significance" will be given to opinions of disability, even if from a treating source. 20 C.F.R. § 404.1527(d)(3).

To the extent that Dr. Siegel's records can be read to argue that it was the opinion of Dr. Siegel that Plaintiff had difficulty sitting, a treating physician's opinion that is based

2

on the claimant's reporting of his or her symptoms is not entitled to controlling weight. *Smith v. Commissioner*, 482 F.3d 873, 876–77 (6th Cir. 2007).

Therefore, Plaintiff's objection on this issue is OVERRULED.

### B.    Functional limitations

Plaintiff argues that his carpal tunnel and cervical radiculopathy lasted for twelve consecutive months, and therefore the ALJ erred by failing to find limitations on the use of his arms and hands.

However, as the Magistrate Judge explained, the first evidence related to carpal tunnel syndrome is a February 2011 EMG.  (Tr. 569).  At the hearing before the ALJ in April of 2011, Plaintiff testified that he had undergone right carpal tunnel release surgery two weeks before the hearing.  (Tr. 41-42).  Plaintiff also testified that the carpal tunnel syndrome had bothered him for years.  (Tr. 42).  While Plaintiff points to a treatment note recommending an EMG from 2009, Plaintiff was complaining of pain in his left arm. (Tr. 524).  At the hearing, Plaintiff stated that no testing had been done on his left side. (Tr. 42).

Moreover, the ALJ discussed Plaintiff's symptoms of numbness and weakness in the arms (Tr. 15), but found that to the extent that Plaintiff's statements concerning the intensity, persistence and limiting effect of these symptoms were not consistent with the RFC, those symptoms were not credible.   The Court notes that "[t]he ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."   *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)).

Therefore, Plaintiff's objection on this issue is OVERRULED.

3

### C.     Vocational errors

Plaintiff first argues that the ALJ erred in failing to include any limitations on the use of his hands and arms in the hypothetical questions to the ALJ.  However, "the ALJ can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citing *Townsend v. Secretary of Health & Human Servs.*, 762 F.2d 40, 44 (6th Cir. 1985)).  Here, the ALJ did not credit Plaintiff's testimony regarding the intensity, persistence and limiting effect of his symptoms, and therefore the ALJ properly omitted those limitations from the hypothetical to the VE.

Next, Plaintiff argues that the ALJ erred by relying on the Dictionary of Occupational Titles ("DOT").  Plaintiff argues that the DOT is out of date, and is in conflict with the listings in found at Occupational Information Network ("O*NET").  Plaintiff explains that he provided the ALJ with a copy of the O*NET listings after the hearing. (See Tr. 601).  Plaintiff cites to an unpublished decision by the Sixth Circuit, *Cunningham v. Astrue*, 360 Fed. Appx. 606, 615 (6th Cir. 2010), in which a divided panel explained that some of the information listed in the DOT was outdated.  The court remanded the case because the "VE's dependence on the DOT listings alone does not warrant a presumption of reliability."  *Id.* at 616.

However, this Court concludes that *Cunningham* directs that a remand is necessary in this case.  As one district court has explained:

> the Occupational Information Network ("O*NET") . . . superceded the DOT as the federal government's primary source of occupational information in 1999.  Although considered obsolete by most other federal agencies, the DOT continues to be used extensively by the Social Security Administration, although plans to replace the DOT as the Administration's primary vocational reference source are underway.  *See* 73 Fed.Reg.

4

78864 (Dec. 23, 2008). In the meantime, however, SSR 00–4p continues to require consistency between vocational expert testimony and the DOT.

*Ricard v. Astrue*, 1:09-0008, 2009 WL 5031317, *9 (M.D. Tenn. Dec. 14, 2009). In addition, the issue in *Cunningham* was whether substantial evidence supported the conclusion that certain jobs exists in substantial numbers in the national economy. 360 Fed.Appx. at 614-15. As another district court has explained, "[a]lthough *Cunningham* suggested that the particular DOT job descriptions at issue—document preparer and security camera monitor—may have been obsolete, it did not hold that the DOT is an unreliable or out-of-date source." *Earls v. Comm'r of Soc. Sec.*, 1:09 CV 01465, 2011 WL 3652435 (N.D. Ohio Aug. 19, 2011); *but see Bunger-Stanley v. Comm'r of Soc. Sec.*, 1:10-CV-00507, 2011 WL 4501977 *4 (S.D. Ohio Sept. 28, 2011) (remanding for consideration of treating physician opinion and directing ALJ to use updated O*NET jobs listings). Moreover, the ALJ does not have a duty to interrogate a VE to determine if his or her testimony is correct. *Lindsley v. Commissioner of Social Security*, 560 F.3d 601, 606 (6th Cir .2009).

Therefore, Plaintiff's objection on this issue is OVERRULED.

## II.    CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 3, 2013 R&R (Doc. 11) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           Michael R. Barrett, Judge
                                           United States District Court